1837

QUALITY LIGHTNING PROTECTION, INC., Respondent v. H.C. BROWN CONSTRUCTION CO., INC., and United States Fidelity and Guaranty Company, Appellants.

(427 S.E. (2d) 676)

Court of Appeals

*Steven L. Smith* and *Joe S. Dusenbury, Jr.,* North Charleston, *for appellants.*

*Joseph F. Singleton,* Conway, *for respondent.*

Heard May 4, 1992; Decided June 22, 1992.

Reh. Den. April 11, 1993.

GARDNER, Judge:

H.C. Brown Construction Co., Inc. (Brown) contracted with the South Carolina Department of Highways and Public Transportation to build certain buildings in Kingstree, South Carolina. Brown subcontracted part of the work to Colonial Electrical Co. (Colonial) and it in turn subcontracted part of its work to Quality Lightning Protection, Inc. (Quality). This suit was brought by Quality against Brown and its surety company United States Fidelity and Guaranty Company (USF&G) which provided a payment bond required by S.C. Code Ann. § 11-35-3030(1) and (2)(c) (1986). This statute is based on a federal statute known as the "Miller Act" and, like similar statutes from other states, is known as a "little Miller Act." The case was referred to the special referee with authority for direct appeal. The special referee awarded Quality $8,475 plus costs. We reverse and remand.

## ISSUE
The only issue of merit is whether the special referee erred in ruling that Quality had given written notice to Brown within 90 days after it last performed labor or furnished or supplied material on the job it contracted to perform.

## FACTS
The pertinent part of S.C. Code Ann. § 11-35-3030(2)(c) (1986) provides:

> Any person having a direct contractual relationship with a subcontractor of the contractor, but no contractual relationship express or implied with the contractor furnishing such payment bond, shall have a right of action on the payment bond upon giving written notice to the contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material upon which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. . . .

Quality gave the notice required by the statute on April 4, 1989. The question of the case is whether material was furnished or labor was performed by Quality within 90 days prior to April 4, 1989. The special referee found that during the 90 days preceding April 4, 1989, Quality performed work for the project on three separate occasions. The special referee found that the first work done by Quality during this period was the processing of an application to receive an Underwriter's Laboratory's label in December 1988 and January 1989. The special referee found that the second work was done on February 10, 1989 and consisted of a representative of Underwriter's Laboratory visiting the project and issuing a report showing certain corrective work that needed to be accomplished in order to receive the Underwriter's Laboratory's label. The special referee found that the last work was performed on March 7, 1989 by two of Quality's employees who "spent several hours correcting work which had been undertaken by Colonial Electric."

The question of this appeal is whether any of the above-described activities constitutes the performing of labor or the supplying of materials within the meaning of § 11-35-3030.

## DISCUSSION

We hold that the special referee erred in finding that the services performed by Quality on the three above-mentioned occasions were significant enough to be encompassed within the words "did or performed the last of the labor or furnished or supplied the last of the material upon which such claim is made." We hold that the three incidences mentioned do not constitute labor or the supplying of material as contemplated by the "Miller Act."

The applicable rule is set forth in the case of *United States v. Andrews*, 406 F. (2d) 790 (4th Cir. 1969). Under *Andrews*, if the work was done or the material was supplied as part of the original contract, then this action can be maintained. On the other hand, if the work was done or the material was supplied for the purpose of correcting defects or making repairs following inspection of the premises, the action is not maintainable.

On November 10, 1988, Quality billed Colonial Electric for

all of its work and indicated the following on the invoice, "Billing for 100%—Job complete." The record reflects that Quality certified to Underwriter's Laboratory that the lightning protection portion of the project was complete on December 22, 1988. Thereafter, Underwriter's Laboratory inspected the job and required that a few small items be fixed or corrected. Bill Britt, an employee of Quality, along with another worker, visited the job site on March 7, 1989 and spent several hours correcting the work and completing the deficiencies found by Underwriter's Laboratory.

We hold that the processing of the Underwriter's Laboratory's label was not labor performed or material supplied within the meaning of § 11-35-3030(2)(c). Inspections and corrective work do not come within the meaning of the Act. *United States v. Andrews.* The furnishing of an Underwriter's Laboratory label was office work following an inspection, which reflected the prior consummation of Quality's obligations under the contract. And we so hold. Accordingly, we hold that the trial judge erred in ruling that Quality had performed work and/or supplied material within 90 days prior to April 4, 1989.

## CONCLUSION

We hold that the cited activities alleged to have been performed within the 90-day period do not meet the test of *United States v. Andrews.* All of the alleged activities were performed, we hold, for the purpose of correcting defects or making repairs after completion of the original contract following inspection of the project. For this reason, the above order is reversed and the case is remanded for entry of judgment in accordance with this decision.

Reversed and remanded.

SHAW and BELL, JJ., concur.